UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 16-28-HRW

CLYDE ROYSE,                                                  PLAINTIFF,

v.                       **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance alleging disability beginning due to heart problems, high blood pressure, high cholesterol, knee problems and carpal tunnel syndrome (Tr. 380). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge John Dowling (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Ellen C. Jenkins, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 78-89). Plaintiff was 46 years old on the alleged date of disability. He has a 12th grade education (Tr. 381). His past relevant work experience consists of work as a iron worker (Tr. 382).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2013, the alleged onset date of disability (Tr.80).

The ALJ then determined, at Step 2, that Plaintiff suffers from psoriatic arthritis, carpal tunnel syndrome and degenerative disc disease, which he found to be "severe" within the meaning of the Regulations (Tr. 81-82).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 82-83).

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to perform a range of sedentary

work (involving lifting and carrying no more than 10 pounds and mostly sitting)2 that involved frequently balancing, handling, and fingering; occasionally climbing ramps and stairs, kneeling, crouching, and crawling; never climbing ladders, ropes, or scaffolds; and avoiding moderate exposure to vibration and all exposure to heights and hazardous machinery (Tr. 83).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 89).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."

3

*Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to provide adequate reasons for discounting the treating physician's RFC and (2) the ALJ erred by failing to consider Plaintiff's heart problems and hearing loss as severe.

**C.     Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ failed to provide adequate reasons for discounting the treating physician's RFC.

Plaintiff appears to misconstrue the nature of an RFC and whose responsibility it is to formulate the same. The responsibility for determining a claimant's residual functional capacity is reserved to the Commissioner, not a medical sourse. *See* 20 C.F.R. §§ 404.1527(d)(2), 404.1545. The ALJ considers numerous factors in constructing a claimant's residual functional capacity, including the medical evidence, the non-medical evidence, and the believability of the claimant's allegations. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010) (unpublished). In making this determination, the ALJ is required to resolve conflicts in the evidence and incorporate only those limitations that he finds supported by the record in the residual functional capacity assessment. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234-1235 (6th Cir. 1993).

4

In this case, Plaintiff's treating physician, Ira Potter, M.D. completed a medical source statement at Plaintiff's attorney's request in August 2014 (Tr. 1381-85). He noted that Plaintiff had a history of severe coronary artery disease, moderate carpal tunnel syndrome, hearing loss, bilateral knee pain, osteoarthritis, psoriatic arthritis, mild dyslipidemia, hypertension, gastroesophageal reflux disease (GERD), and plantar fasciitis (Tr. 1381-82). Dr. Potter opined that Plaintiff could lift and carry 12 to 15 pounds occasionally and five to seven pounds frequently; could stand and walk two to two-and-a-half hours total in an eight-hour workday and for 30 minutes at one time; could sit for two to three hours total in an eight-hour workday and for one hour at a time; could occasionally balance, stoop, crouch, and kneel; could never climb or crawl; had limitations on pushing and hearing; and should avoid moving machinery and noise (Tr. 1383-84). Additionally, Dr. Potter opined that Plaintiff could not: perform past work activity; sit, stand, or lift for six to eight hours in an eight-hour workday; lift over 10 pounds; or drive a motor vehicle; but could maintain attendance, follow instructions, maintain attention, and maintain socially appropriate behavior (Tr. 1385).

In the hearing decision, the ALJ discussed Dr. Potter's opinion and found his assessment of dire, indeed, disabling limitations to be at odds with his own treatment records. Plaintiff saw Dr. Potter regularly during the relevant time period for various complaints including high blood pressure (hypertension), high cholesterol (hyperlipidemia), chest pain, and knee pain (*see generally* Tr. 1120-23, 1275-99, 1343-49, 1354-62, 1388-1407, 1430-32 (duplicated at Tr. 1312-15, 1318-42)). Examinations were routinely largely normal aside from complaints of varying degrees of knee pain and tenderness and a psoriatic rash on Plaintiff's knees and elbows (*see, e.g.*, Tr. 1277-78, 1298, 1344-45, 1360-61). Imaging and tests showed mostly normal and benign

5

results: June 2013 x-rays of Plaintiff's cervical spine, chest, and bilateral knees were normal (Tr. 1120-23); A June 2013 echocardiogram (EKG) showed non-specific inferior changes but was likely normal (Tr. 1284); A July 2013 nerve conduction study was abnormal showing neuropathy in both wrists (Tr. 1292-93); A January 2014 chest x-ray showed normal left ventricle wall motion and systolic function and appropriate functional capacity (Tr. 1350-53, 1357); and an August 2014 EKG was normal (Tr. 1401).

Furthermore, the ALJ noted that Plaintiff never reported difficulty with sitting to his providers, even in recent notes (Tr. 1369, 1430-32). The ALJ also pointed out that Dr. Potter listed Plaintiff's coronary artery disease as his most severely limiting impairment (Tr. 1382), however treatment providers indicated that there were no signs or symptoms of angina or congestive heart failure (Tr. 1425 ("no symptoms of angina or congestive heart failure")) and, as noted above, imaging and testing following the 2012 stenting were normal (Tr. 81, *see* Tr. 1284, 1357, 1401).

Moreover, the ALJ noted that Dr. Potter's opinion was inconsistent with the other credible opinion evidence in the record. Specifically, Naushad Haziq, M.D., a consultative examiner, noted largely normal examination findings (normal cervical spine; normal arms; normal grip strength, writing ability, and hand range of motion but some problems picking up coins and using buttons; normal lumbar spine; normal hips; full muscle strength in his arms and legs; and normal reflexes, but painful and tender knees with swelling and crepitation and imitated range of motion (Tr. 1304-05)) and did not opine that Plaintiff had any specific work-related limitations. Additionally, Alex Guerrero, M.D. opined that Plaintiff could perform a range of light work (Tr. 161-64), but the ALJ gave this opinion little weight and further limited Plaintiff to

6

a reduced range of sedentary work to accommodate the credible effects of his knee pain, neck pain, history of chest problems, and carpal tunnel syndrome (Tr. 86).

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted). Here, Dr. Potter's suggestion of complete disability is at odds not only with his own treatment of Plaintiff but with the other medical evidence in the record. As such, the ALJ did not err in discounting his assessment.

Plaintiff's second claim of error is that the ALJ erred by failing to consider Plaintiff's heart problems and hearing loss as severe. The Court first notes that the issue of whether the ALJ found certain impairments to be severe, or not, is largely irrelevant because the ALJ proceeded beyond Step 2 of the sequential evaluation and assessed Plaintiff's RFC. In making his argument, Plaintiff appears to suggest that his heart and hearing impairments result in limitations beyond those set forth in the ALJ's very restrictive RFC. The evidence in the record simply does not support such findings.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the

record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 21st day of March, 2017.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge